IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY J. PETERS, # 18410                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 2:09cv178-KS-MTP

DR. RONALD WOODALL, et al                                                              DEFENDANTS

# REPORT AND RECOMMENDATION

THIS MATTER is before the court upon a Motion to Dismiss for Failure to Exhaust Administrative Remedies [14] filed by Defendant Dr. Ronald Woodall, and a Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [20] filed by Defendants Christopher Epps and Ron King. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the motions be granted and that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies.

## Factual Background

Plaintiff Anthony J. Peters, proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 on September 2, 2009. In his Complaint [1], Plaintiff asserts claims against Defendants for denial of adequate medical treatment at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), where he is currently incarcerated. Specifically, Plaintiff alleges that in either 2007 or 2008, Dr. Woodall placed him on a special high-protein diet after a blood test revealed that he had Hepatitis C, but that in March 2009, Dr. Woodall cancelled the diet without any further examination of Plaintiff. Plaintiff also claims on May 27, 2009, Dr. Woodall reduced the dosage and duration of certain pain medication that he had been taking as a result of neck surgery on May 13, 2009. *See* Cplt. [1]; Response [7] to Court Order.

Plaintiff avers that he spoke with Mr. King, Superintendent of SMCI, twice and has

written him once regarding his situation, but Mr. King has not done anything. Plaintiff further avers that Mr. Epps, Commissioner of the MDOC, failed to respond to his grievance regarding the discontinuation of his special diet, and denied his grievance regarding the reduction in his medication. *See* Response [7].

## Summary Judgment Standard[1]

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences

---

[1] Because Defendants have submitted matters outside the pleadings with their motions to dismiss [14] [0] the motions should be characterized as motions for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).

most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "[P]*roper* exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) (emphasis added); *see also Johnson v. Ford*, 2008 WL 118365, at * 2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, 2008 WL 116333, at * 1 (5th Cir. Jan. 11, 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") (citation omitted).

3

"Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

"[I]t is not for the courts to inquire whether administrative procedures 'satisfy minimum acceptable standards of fairness and effectiveness.'" *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003) (*per curiam*), *cert. denied*, 541 U.S. 1012 (2004) (citing *Booth v. Churner*, 532 U.S. 731, 740 n.5 (2001)). Rather, prisoners simply "must exhaust such administrative remedies as are 'available,' whatever they may be." *Id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Dismissal is appropriate where a prisoner has failed to exhaust all available administrative remedies. *See id.* (citing *Wright*, 260 F.3d at 359). Further, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. Unless the prisoner pursues his "grievance remedy to conclusion," he has not exhausted "available remedies." *Wright*, 260 F.3d at 358.

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, the MDOC has set up an Administrative Remedy Program (ARP) "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration." *MDOC Inmate Handbook* (*available at* http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%20VIII.pdf), ch. VIII, ¶ 3. The ARP is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response. If still

aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court. *See MDOC Inmate Handbook*, ch. VIII; *see also Cannady v. Epps*, 2006 WL 1676141, at * 1 (S.D. Miss. June 15, 2006).

According to the sworn affidavit of Joseph Cooley, ARP Investigator II at SMCI, Plaintiff has not filed a grievance through the ARP regarding his claims about the diet tray. *See* Exh. B to Woodall MSJ. Plaintiff contends that he did file an ARP request regarding this claim, but that "nothing was done," that he "never heard anything back on it" and he "never did get a chance to complete it."[2] *See* Response [7] at 1; *see also* Cplt. at 1. Plaintiff has provided the court with nothing to support these averments and, therefore, he has failed to establish a genuine issue of material fact regarding his exhaustion of this claim.

Moreover, even assuming *arguendo* that Plaintiff did file an ARP request on this claim but never received a response, this would not excuse his failure to exhaust. "The failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Johnson v. Cheney*, 2008 WL 534606, at * 3 (N.D. Tex. Feb. 8, 2008) (citations omitted), *Report and Recommendation adopted*, 2008 WL 541762 (N.D. Tex. Feb. 27, 2008), *affirmed*, 313 Fed. Appx. 732 (5th Cir. Mar. 11, 2009); *see also Curry v. Alexandre*, 2006 WL 2547062, at * 3 (W.D. La. June 19, 2006) (citing *Wright*, 260 F.3d at 358) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his

---

[2] Elsewhere, Plaintiff makes the contradictory claim that "he was going to write him [Dr. Woodall] up/do an (A.R.P.) on him about [the diet tray] and did write one but never did get the chance to send it off." *See* Response [22] at 2.

5

grievance(s) was ignored."). Indeed, the ARP allows an inmate to proceed to the next level when he fails to receive a response in the time frames provided for in the program. *See MDOC Inmate Handbook*, Chapter VIII at ¶ IX ("... expiration of response time limits without receipt of a written response shall entitle the offender to move on to the next step in the process").

As for Plaintiff's claim regarding Dr. Woodall's reduction of his pain medication, the record further reflects that Plaintiff did file an ARP. However, it was not accepted for consideration because it contained multiple requests for relief.[3] Plaintiff was informed that if he wished to resubmit a corrected grievance, he could do so, provided that it was "timely and according to proper procedure."[4] *See* Exh. B to Woodall MSJ. Plaintiff was also informed that he could request assistance "in entering the ARP process" from his Unit Case Manager. *See id.* Plaintiff did not re-submit his ARP, nor did he seek to appeal its rejection to a higher administrative level.

As stated by the United States Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction .
> . . .

*Woodford*, 548 U.S. at 95. Because Plaintiff did not properly follow the MDOC's administrative

---

[3] This is one of the reasons for which an ARP request can be rejected during the screening process, prior to the First Step. *See* MDOC Inmate Handbook, ch. VIII, ¶ V(D).

[4] "If a request is rejected for technical reasons or matters of form, the offender shall have five (5) days from the date of rejection to file his corrected grievance." MDOC Inmate Handbook, ch. VIII, ¶ VI.

grievance procedures with regard to either of the claims asserted herein, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See id.*; *see also Robinson v. Wheeler*, 338 Fed. Appx. 437, 438 (5th Cir. July 24, 2009) (*per curiam*) (affirming summary judgment for defendants based on plaintiff's failure to exhaust where plaintiff's step-one grievance was rejected for presenting multiple claims and plaintiff failed to re-submit corrected grievance); *Johnson*, 313 Fed. Appx. at 733 ("Johnson's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies.") (citation omitted); *Lane*, 2008 WL 116333, at *1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Wright*, 260 F.3d at 358 (dismissing prisoner suit for failure to exhaust where prisoner only filed a step-one grievance but "did not pursue the grievance remedy to conclusion."); *Agee v. Berkebile*, 2008 WL 199906, at *3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies).

Moreover, to the extent that Plaintiff is arguing that his failure to exhaust should somehow be excused, such an argument is unavailing. This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and 'defeat [the] claims' of unwary prisoners." *Johnson*, 2008 WL 118365, at * 4 (citing *Woodford*, 126 S.Ct. at 2392) (brackets in original). Nor does Plaintiff allege, or offer any evidence, that "prison officials ... ignore[d] or "interfere[d] with [his] pursuit of an administrative remedy." *Id.* (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Further, there is no basis for excusing Plaintiff's failure to exhaust "based on a policy of preventing inefficiency or a failure to further the interests

7

of justice or the purposes of the exhaustion requirement." *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). Accordingly, the appropriate remedy is for this court to dismiss Plaintiff's claims without prejudice for failure to exhaust administrative remedies.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' Motions [14, 20] be granted, and that this action be dismissed without prejudice for Plaintiff's failure to exhaust.

## Notice of Right to Object

In accordance with the rules of 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge, and the opposing party. The District Judge may at that time accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or the District Judge may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Court to which the party has not objected. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 10th day of September, 2010.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge