IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY J. PETERS, #18410

VS.                                                                     CIVIL ACTION NO. 2:09cv178-KS-MTP

DR. DONALD WOODALL, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss for Failure to Exhaust Administrative Remedies [14] filed by Defendant Dr. Ronald Woodall and Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [20] filed by Defendants Christopher Epps and Ron King. Magistrate Judge Michael T. Parker has filed a Report and Recommendation [23] and the Plaintiff has filed an Objection to the Report and Recommendation [24]. The Court has considered the above and the record in the above styled case and, being fully advised in the premises, finds that the motions should be granted and that Plaintiff's claims be dismissed without prejudice for failure to exhaust his administrative remedies.

I. FACTUAL BACKGROUND

Plaintiff Anthony J. Peters, proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 on September 2, 2009. In his Complaint [1], Plaintiff asserts claims against Defendants for denial of adequate medical treatment at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), where he is currently incarcerated. Specifically, Plaintiff alleges that in either 2007 or 2008, Dr. Woodall placed him on a special high-protein diet after a blood test revealed that he had Hepatitis C, but that in March 2009, Dr. Woodall cancelled the diet without any further examination of Plaintiff. Plaintiff also claims on May 27, 2009, Dr.

1

Woodall reduced the dosage and duration of certain pain medication that he had been taking as a result of neck surgery on May 13, 2009. *See* Cplt. [1]; Response [7] to Court Order.

Plaintiff avers that he spoke with Mr. King, Superintendent of SMCI, twice and has written him once regarding his situation, but Mr. King has not done anything. Plaintiff further avers that Mr. Epps, Commissioner of the MDOC, failed to respond to his grievance regarding the discontinuation of his special diet, and denied his grievance regarding the reduction in his medication. *See* Response [7].

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Petitioner makes no viable objection to the Report and Recommendation. He states that he did not understand the procedures and that he did not know that he could file appeals of his grievance and follow the necessary steps. The grievance procedure is clearly set forth and

petitioner is an intelligent man who has the ability to follow the directions and exhaust his administrative remedies.  The Defendants are entitled to work within the administrative remedy system until it is completed and the Plaintiff must exhaust his administrative remedies before filing a complaint before this Court.  That is clear and both sides know the rules.  The administrative remedies have not be exhausted and Plaintiff's complaint should be dismissed without prejudice.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Petitioner's Complaint is hereby dismissed without prejudice.

SO ORDERED this, the 4th   day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE